IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTINE M. GOOD-COGGINS, ) <br> Surviving Spouse and Special ) <br> Administrator of the Estate ) <br> of DANIEL M. COGGINS, ) <br> Deceased, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA - ) <br> DEPARTMENT OF VETERANS ) <br> AFFAIRS, ) <br> ) <br> Defendant. ) | CASE NO. 8:09cv133 <br><br> **COMPLAINT** |

The plaintiff, Christine M. Good-Coggins (a/k/a Christine M. Good), states as follows:

1. She is the surviving spouse of Daniel M. Coggins, and the Special Administrator of the Estate of Daniel M. Coggins, having been appointed by the County Court of Douglas County, Nebraska.

2. Jurisdiction in this matter is based upon 28 U.S.C. §1345(b) and 28 U.S.C. §§2671.2680, commonly known as the Federal Tort Claims Act.

3. As required by statute, Daniel M. Coggins, initially presented his claim for personal injury on a Standard Form 95 with the defendant by mailing his claim to the Department of Veterans Affairs, Office of General Counsel, 810 Vermont Ave. N.W., Washington D.C. 20420 on March 21, 2007. This claim was received on March 22, 2007, and was assigned the claim number

GCL-657S-54369. A copy of the claim and acknowledgment and receipt thereof are attached hereto as Exhibit 1 and incorporated herein by reference.

4.    That on March 29, 2007, Daniel M. Coggins passed away and Christine M. Good-Coggins, as the Special Administrator of the estate of her late husband, Daniel M. Coggins, filed an amended claim for personal injury and wrongful death with the defendant by mailing an amended Standard Form 95 to the Department of Veterans Affairs, Office of General Counsel, 810 Vermont Ave. N.W., Washington D.C. 20420 on July 5, 2007. A copy of the amended claim is attached hereto as Exhibit 2 and incorporated herein by reference.

5.    On October 15, 2008, the Department of Veterans Affairs sent plaintiff notice that it had completed its investigation of the Tort Claim that had been filed on March 22, 2007, and that the claim was being denied. A copy of the denial is attached hereto as Exhibit 3 and incorporated herein by reference.

6.    On March 20, 2009, after contacting the undersigned counsel, Christine M. Good-Coggins, as the Special Administrator of the estate of her late husband, Daniel M. Coggins, filed a claim with the defendant by mailing a Standard Form 95 to the Department of Veterans Affairs, Office of Regional Counsel, 4101 Woolworth Avenue, Bldg. 3, Omaha, NE 68105. The claim was received by the Department of Veterans Affairs and was assigned the same claim number, GCL-657S-54369. A copy of this claim,

acknowledgment and receipt thereof are attached hereto as Exhibit 4 and incorporated herein by reference.

7.    Plaintiff, Christine M. Good-Coggins, is a resident of Omaha, Douglas County, Nebraska. On March 29, 2007, Daniel M. Coggins died. At the time of his death, Daniel M. Coggins was a resident of Omaha, Douglas County, Nebraska, and a citizen of the United States. Further, at all times relevant to this action, the decedent, Daniel M. Coggins, was not a member of the Armed Forces of the United States of America.

8.    Beginning on March 2005, when Daniel M. Coggins was admitted as a patient to the Veterans Administration Hospital in Omaha, Douglas County, Nebraska (hereinafter referred to as the "V.A. Medical Center") for an attempted right ankle fusion, and continuing through March 2006, Daniel M. Coggins received care and treatment from agents and employees of the V.A. Medical Center for a variety of medical reasons, including, but not limited to, right leg below the knee amputation, operative procedures, infections, chronic physical pain, difficulty sleeping and depression.

9.    On March 27, 2007, Daniel M. Coggins was seen by medical personnel employed by the V.A. in an attempt to re-establish care with the V.A. Medical Center. On that date, Daniel M. Coggins gave a history of his medical condition and medications and complained of chronic low back pain and

3

difficulty sleeping. At the conclusion of this appointment, the medical personnel at the V.A. Medical Center prescribed medications for Daniel M. Coggins, including medications for pain and depression.

10. On the morning of March 29, 2007, Daniel M. Coggins was found unresponsive in his home. The cause of death of Daniel M. Coggins was determined to be mixed drug toxicity.

11. The agents and employees of the defendant V.A. Medical Center were negligent in their care and treatment of Daniel M. Coggins in each and all of the following respects:

> a) In failing to properly evaluate and care for Daniel M. Coggins when he was seen on March 27, 2007;
>
> b) In failing to prescribe the correct medications to Daniel M. Coggins on March 27, 2007; and
>
> c) In failing to provide instructions on the proper dosage of the medications that were prescribed to Daniel M. Coggins on March 27, 2007.

12. As a direct and proximate result of the negligence of the agents and employees of the V.A. Medical Center, the estate of Daniel M. Coggins has incurred the following by way of damages:

> a) Pain and suffering sustained by Daniel M. Coggins from March 27, 2007, up until the time of his death on March 29, 2007;
>
> b) Funeral and burial expenses;
>
> c) Pecuniary loss sustained by the heirs and next of kin of Daniel M. Coggins by way of financial

4

support, loss of love, society, and affection.

WHEREFORE, plaintiff prays for judgment against the defendant as follows:

A)    For special damages, together with general damages in the amount of $1,750,000.00, and for the costs of this action; and

B)    For other damages that are reasonable and proper.

CHRISTINE M. GOOD-COGGINS,
Surviving Souse and Special
Administrator of the Estate of
DANIEL M. COGGINS, Deceased,
Plaintiff

By:
E. Terry Sibbernsen #13826
Andrew D. Sibbernsen #22969
SIBBERNSEN & STRIGENZ, P.C.
1111 N.102nd Court, #330
Omaha, NE  68114
(402) 493-7221

5

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: Department of Veterans Affairs Office of General Counsel 810 Vermont Ave. NW Washington D.C. 20420 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) Daniel M. Coggins c/o The Law Offices of Doug White, PC 1904 Farnam St., Ste. 620 Omaha NE 68102 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. or P.M.) |
|---|---|---|---|---|
| ✓ MILITARY ☐ CIVILIAN | 6-7-64 | D | Friday 3-25-05 to 10-1-05 | Apn. 9:50 AM |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

See Attached Sheet

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

None

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

None

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

See Attached Sheet

Va Regional Counsel Omaha

| 11. | WITNESSES |
|---|---|

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Christine Good | 13318 Woolworth Ave Omaha, NE 68144 |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | | |
|---|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| None | $5,000,000.00 | None | $5,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Christine M. Good-Coggins POA | (402) 333-3594 | March 21, 2009 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.
Designed using Perform Pro, WHS/DIOR, Jun 98

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2



EXHIBIT
1

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS
### Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

*(b)* In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

---

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

| to  Director, Torts Branch | and to the |
|---|---|
| Civil Division | Office of Management and Budget |
| U.S. Department of Justice | Paperwork Reduction Project (1105-0008) |
| Washington, DC  20530 | Washington, DC  20503 |

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

**15. Do you carry accident insurance?**  ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* and policy number.  ☐ No

N/A - None   ·   Not a property case

**16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?**

N/A · None · Not a property case

**17. If deductible, state amount**

N/A · None

**18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim?** *(it is necessary that you ascertain these facts)*

N/A · None   -   Not a property case

**19. Do you carry public liability and property damage insurance?** ☐ Yes, If yes, give name and address of insurance company *(Number, street, city, State, and Zip Code)* ☐ No

N/A · None  ..  Not a property case

SF 95 (Rev. 7-85) BACK

#8. Basis of Claim

Daniel Coggins was injured during the Gulf War in approximately 1990-1991 and subsequently developed posttraumatic arthritis and was eventually treated with ankle arthrodesis. Dan had an ankle fusion but the final fusion position was in plantar flexion, meaning that the there was flexion at the ankle joint causing his right foot to be bent downward. He then had a multiplanar osteotomy. After this the hardware was removed because it was symptomatic hardware. However, Dan developed a non-union (in which the bone fracture healing stops short of full union). This was extremely painful and Dan went to the Emergency Department at the VA Medical Center in Omaha, Nebraska and it was determined that there was a non-union.

At the VA Medical Center in Omaha (hereinafter "VAMC Omaha), Mr. Coggins underwent another multiplanar osteotomy and attempted ankle fusion on March 25, 2005. The physicians were Dr. Matt Mormino and Dr. Ivan Tarkin. Again, Mr. Coggins developed a non-union with a deep infection. On April 20, 2005, at the VAMC Omaha, Mr. Coggins had a Groshong catheter placed in his chest for IV antibiotics in order to combat the infection and the resulting ankle abscess. The infection was still present on or about May 25, 2005 when Mr. Coggins again presented at the VAMC Omaha as his first Groshong catheter had ruptured and a new one was inserted in his body.

On July 30, 2005, Mr. Coggins presented at the VAMC Omaha after being seen at a local hospital approximately two weeks earlier with draining wounds from his right lower extremity and becteremia. He was advised at that time that his only option was a right below-the-knee amputation. Blood cultures were taken and were positive for klebsiella pneumoniae, Enterobacter faecalis, lactobacillus SP, and candida albicans. Klebsiella pneumoniae and Enterobacter faecilis were also present in his central (Goshong) line when that was removed and cultured. On August 4, 2005, Mr. Coggins right leg was amputated below the knee. The physicians were Dr. Mark Dietrich (Orthopaedics) and Dr. Matthew A. Mormino (approving physician). Mr. Coggins was discharged four (4) days after the removal of his lower right leg and foot.

Since that date, infections have persisted in Mr. Coggins' body. This "illness" (according to Dr. Steven E. Rademacher of Consultants In Infectious Disease LLC) is characterized by nodular and ulcerative skin lesions with the nodular lesions, purplish to black in color, due to a disseminated skin infection with the Mycobacterium abscessus. Dr. Rademacher suspects that this bacterium was from a line-related infection (found in the Goshong line culture in July 2005) that disseminated through the blood stream. Mr. Coggins has the lesions all over his body, including his face, neck, torso and extremities. Mr. Coggins has been on medication for these lesions since November 2005 but they are still present and growing.

It is apparent that the physicians and staff at the VAMC Omaha failed to practice proper infection control and failed to maintain a sterile environment during Mr. Coggins' procedures, beginning with the March 25, 2005 multiplanar osteotomy and attempted ankle fusion. This continued with the insertion of the Goshong lines. In addition, the

#8. Basis of Claim Cont.

staff and physicians failed to detect the infections and then failed to adequately address and treat the infections, leading the amputation of Mr. Coggins' leg and the on-going and current infections spreading throughout his body.

#10.  Nature and Extent of Each Injury

Daniel Coggins underwent a multiplanar osteotomy and attempted ankle fusion at the VAMC Omaha. As a result of this surgery, Mr. Coggins developed bacterial infections such as klebsiella pneumoniae, Enterobacter faecalis, lactobacillus SP, and candida albicans. Mr. Coggins developed ankle abscess. In order to stop the spread of infection, Mr. Coggins right leg was amputated below the knee.

In addition, Mr. Coggins, in April 2005, at the VAMC Omaha, had a Groshong catheter placed in his chest for IV antibiotics in order to combat the infection and the resulting ankle abscess. In May 2005, it was discovered that the Groshong catheter had ruptured and a new one was inserted. In July 2005,

Daniel Coggins was injured during the Gulf War in approximately 1990-1991 and subsequently developed posttraumatic arthritis and was eventually treated with ankle arthrodesis. Dan had an ankle fusion but the final fusion position was in plantar flexion, meaning that the there was flexion at the ankle joint causing his right foot to be bent downward. He then had a multiplanar osteotomy. After this the hardware was removed because it was symptomatic hardware. However, Dan developed a non-union (in which the bone fracture healing stops short of full union). This was extremely painful and Dan went to the Emergency Department at the VA Medical Center in Omaha, Nebraska and it was determined that there was a non-union.

At the VA Medical Center in Omaha (hereinafter "VAMC Omaha), Mr. Coggins underwent another multiplanar osteotomy and attempted ankle fusion on March 25, 2005. The physicians were Dr. Matt Mormino and Dr. Ivan Tarkin. Again, Mr. Coggins developed a non-union with a deep infection. On April 20, 2005, at the VAMC Omaha, Mr. Coggins had a Groshong catheter placed in his chest for IV antibiotics in order to combat the infection and the resulting ankle abscess. The infection was still present on or about May 25, 2005 when Mr. Coggins again presented at the VAMC Omaha as his first Groshong catheter had ruptured and a new one was inserted in his body. On or about July 30, 2005, blood cultures taken from the Groshong central line revealed the presence of Klebsiella pneumoniae and Enterobacter faecilis. These bacteria have continued to spread throughout his body, despite the leg amputation as the central line was placed in Mr. Coggins chest.

Mr. Coggins has lost his lower right leg and continues to battle infections, which have developed into purplish and black lesions, all over his body. He is in constant pain. In addition, he has accrued medical bills from several medical facilities, including Alegent Health Bergan Mercy (Omaha), University of Nebraska Omaha, Bryan LGH (Lincoln) and Immanuel Hospital (Omaha). Please note that Mr. Coggins, through Christine Good (who has his Power of Attorney), has tried to get his medical bills/charges but has only been successful as to Bryan LGH. The bills for this one visit total $36,916.65. Please note that Mr. Coggins has now hired an attorney who will be more successful as to those medical bills/charges but he was hired only within the last two weeks.

Mr. Coggins will require future medical treatments to control his infection and maintain treatment for his amputated limb. This includes medication to fight infections and to control his pain. Mr. Coggins is still in extreme pain and can expect to suffer pain for the rest of his life. Also, it will be extremely difficult for Mr. Coggins to find gainful employment in the manual labor areas due to his disability.

# DURABLE POWER OF ATTORNEY

I, Daniel Michael Coggins, social security number #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, DOB 06/07/1964, Principal, a domiciliary of Douglas County, Nebraska desire and intend to establish a Power of Attorney operative under the Nebraska Short Form Act and hereby appoint, constitute, and designate my wife, Christine M. Good-Coggins, social security number #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, DOB 11/09/1960, of Omaha, Nebraska, as the lawful and true agent and attorney in fact for me as Principal and I, as Principal, do hereby further provide and stipulate in connection therewith as follows:

1. This Power of Attorney is a Durable Power of Attorney.

2. By this Power of Attorney, I, as Principal, confer upon and grant to Christine Good-Coggins, Agent

    (X) Plenary Power _____ (initials)
    or
    ( ) Plenary Power Subject to Limitations, exclusive of General Powers for Domestic and Personal Concerns and for Fiduciary Relationships and

    ( ) No Other Restrictions
    or
    ( ) Other Restrictions: _____; or

    ( ) General Power for Bank and Financial Transactions
    ( ) General Power for Business Interests
    ( ) General Power for Chattels and Goods
    ( ) General Power for Disputes and Litigation
    ( ) General Power for Domestic and Personal Concerns
    ( ) General Power for Fiduciary Relationships
    ( ) General Power for Governmental and Other Benefits
    ( ) General Power for Insurance Coverage and Policies
    ( ) General Power for Proprietary Interests and Materials
    ( ) General Power for Real Estate
    ( ) General Power for Securities
    ( ) General Power for Records, Reports, and Statements

    Page 1 of 2 of Power of Attorney for Daniel M. Coggins

3. By this power of Attorney, I, as Principal, make the following additional provisions:

None_____ (initials)

4. This Power of Attorney revokes and supersedes all prior executed instruments of like import and remains operative until revoked.

EXECUTED AT _Omaha_____, _Douglas_____ County,
           (CITY)                    (COUNTY)

_NE_____, on _27th_ of _February_____, 20_17_.
(STATE)          (DATE)

Daniel Michael Coggins, Principal

STATE OF NEBRASKA        )
                         ) ss.
COUNTY OF DOUGLAS        )

The foregoing instrument was acknowledged before me on the _22nd_ day of _February_____, 2007, by the Principal, Daniel M. Coggins.

GENERAL NOTARY - State of Nebraska
LINDA L. LEONARD
My Comm. Exp. March 10, 2007

Notary Public

Page 2 of 2 of Power of Attorney for Daniel M. Coggins



**DEPARTMENT OF VETERANS AFFAIRS**
OFFICE OF REGIONAL COUNSEL
1 JEFFERSON BARRACKS DRIVE
SAINT LOUIS, MISSOURI 63125
TELEPHONE: (314) 845-5050
FACSIMILE: (314) 845-5057

March 27, 2007

In Reply Refer To: GCL-657S-54369

Douglas D. White
Attorney at Law
The Law Offices of Doug White, P.C., L.L.O.
1904 Farnam Street
Suite 620
Omaha, Nebraska 68102

SUBJ: Administrative Tort Claim
  Claimant: Christine M. Good
  Veteran: Daniel M. Coggins

Dear Mr. White:

On March 22, 2007, this office received the Standard Form 95 claim, dated March 21, 2007, you submitted to the Department of Veterans Affairs, Office of General Counsel, Washington, D.C., for your client, Christine M. Good, on behalf of Daniel M. Coggins. The claim is for the total amount of $5,000,000.00.

A claim presented by a legal representative should be presented in the name of the claimant as you have done. However, if the claim is presented by a legal representative it should be accompanied by evidence of his/her authority to present a claim on behalf of the claimant. **Please submit this evidence, as soon as possible, stating so, and signed by your client.**

We have begun our investigation of your clients' claim and will contact you in the near future regarding any additional information that may be required. Under the Federal Tort Claims Act, the government is allowed six (6) months to administratively investigate these claims; after that the claimant may file suit. If the claim is denied by the government, suit must be filed within six (6) months or the suit will be barred.

Please be aware that 28 U.S.C. section 2678 prohibits an attorney fee in excess of 20% of any award, compromise, or settlement of an administrative claim filed pursuant to the Federal Tort Claims Act and further limits attorney fees to 25% following the filing of a lawsuit. A copy of section 2678 is attached for your convenience.

Page 2

Douglas D. White, Attorney at Law
SUBJ: Administrative Tort Claim—Daniel M. Coggins

Should you have any questions, please contact this office at (314) 845-5050.

Sincerely,

J. PATRICK WIESE
Regional Counsel

By:
ELIZABETH MARTIN
Staff Attorney

Enclosure

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

**1. Submit To Appropriate Federal Agency:**

Department of Veterans Affairs
Office of General Counsel
810 Vermont Ave.
Washington, D.C. 20420

**2. Name, Address of claimant and claimant's personal representative, if any.** *(See instructions on reverse.)* *(Number, street, city, State and Zip Code)*

Daniel M. Coggins, via Christine Good, P.R.
C/O The Law Offices of Doug White
1904 Farnam St., Ste. 620
Omaha NE 68102

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. or P.M.) |
|---|---|---|---|---|
| ✓ MILITARY   CIVILIAN | 6·7·64 | D | | |

**8. Basis of Claim** *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof)* *(Use additional pages if necessary.)*

This is an amended claim. The claimant passed away on 3.29.07 due to the neglect of the physicians and staff at the VAMC Omaho. This amendment incorporates all information contained in the original claim with the only changes being to the type of claim, additional basis for claim, Sections 6, 7, and 12 and 10.

**9.**                                           **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

None

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See Instructions on reverse side.)*

None

**10.**                                   **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Claimant is still awaiting the coroner's report. The VAMC provided the wrong medication to decedent and/or provided written instructions advising decedent to ingest the wrong dose of medications. In the alternative, the DTID caused by the negligence of VAMC & the physicians led to decedent taking his own life.

**11.**                                   **WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| Christine Good | 13318 Woolworth Ave. Omaha, NE 68144 |

**12.** *(See instructions on reverse)*              **AMOUNT OF CLAIM (In dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| None | $2,500,000.00 | $2,500,000.00 | $5,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Christine M. Good | (402)333-3594 | July 5, 2007 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.
Designed using Perform Pro, WHS/DIOR, Jun 98

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

EXHIBIT
2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 38 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS
### Complete all items - insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in Item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

| to Director, Torts Branch | and to the |
|---|---|
| Civil Division | Office of Management and Budget |
| U.S. Department of Justice | Paperwork Reduction Project (1105-0008) |
| Washington, DC 20530 | Washington, DC 20503 |

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance?  ☐ Yes, If yes, give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number.  ☐ No

N/A

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

N/A

17. If deductible, state amount.

N/A

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*)

N/A

19. Do you carry public liability and property damage insurance?  ☐ Yes, If yes, give name and address of insurance company (*Number, street, city, State, and Zip Code*)  ☐ No

N/A

SF 95 (Rev. 7-85) BACK

WHEN THIS COPY CARRIES THE RAISED SEAL OF THE DOUGLAS COUNTY HEALTH DEPARTMENT VITAL
STATISTICS SECTION, IT CERTIFIES THE BELOW TO BE A TRUE COPY OF THE ORIGINAL RECORD ON FILE
WITH THE DOUGLAS COUNTY HEALTH DEPARTMENT VITAL STATISTICS SECTION, WHICH IS THE LEGAL
DEPOSITORY FOR VITAL RECORDS

Adi H. Pow, Ph.D.

**DATE ISSUED**
06/28/2007
**DOUGLAS COUNTY**

ADI POUR
DOUGLAS COUNTY REGISTRAR
DOUGLAS COUNTY HEALTH DEPARTMENT

STATE OF NEBRASKA – DEPARTMENT OF HEALTH AND HUMAN SERVICES FINANCE AND SUPPORT          07 00167

## CERTIFICATE OF DEATH

| 1. DECEDENT'S NAME - (First, Middle, Last, Suffix) | | 2. SEX | 3. DATE OF DEATH (Mo., Day, Yr.) |
|---|---|---|---|
| Daniel Michael Coggins | | Male | March 28, 2007 |

| 4. CITY AND STATE OR TERRITORY, OR FOREIGN COUNTRY OF BIRTH | 5a. AGE-Last Birthday (Yrs.) | 5b. UNDER 1 YEAR MOS. DAYS | 5c. UNDER 1 DAY HOURS MINS. | 6. DATE OF BIRTH (Mo., Day, Yr.) |
|---|---|---|---|---|
| Buffalo, New York | 42 | | | June 7, 1964 |

| 7. SOCIAL SECURITY NUMBER | 8a. PLACE OF DEATH | |
|---|---|---|
| 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 | HOSPITAL □ Inpatient ☒ ER/Outpatient □ DOA | ☒ Nursing Home/LTC □ Hospice Facility □ Decedent's Home □ Other (Specify) |

| 9b. FACILITY NAME (If not institution, give street and number) |
|---|
| 13315 Woolworth Ave |

| 9a. CITY OR TOWN OF DEATH (Include Zip Code) | 9c. COUNTY OF DEATH |
|---|---|
| Omaha 68144 | Douglas |

| 9. RESIDENCE-STATE | 8. COUNTY | 9a. CITY OR TOWN |
|---|---|---|
| Nebraska | Douglas | Omaha |

| 9. STREET AND NUMBER | | 12a. APT. NO. | 9. ZIP CODE | 9p. INSIDE CITY LIMITS |
|---|---|---|---|---|
| 13315 Woolworth Ave | | | 68144 | ☒ YES □ NO |

| 10a. MARITAL STATUS AT TIME OF DEATH ☒ Married □ Never Married | 10b. NAME OF SPOUSE (First, Middle, Last, Suffix) if wife, give maiden name. |
|---|---|
| □ Married, but separated □ Widowed □ Divorced □ Unknown | Christine Mary Good |

| 11. FATHER'S NAME (First, Middle, Last, Suffix) | 12. MOTHER'S NAME (First, Middle, Maiden Surname) |
|---|---|
| Melvin Daniel Coggins | Joan Rush |

| (Yes, no, or unk.)  Yes  01/24/1983-11/12/1989 | Christine Mary Coggins | With |

| 15. METHOD OF DISPOSITION | 16a. EMBALMER SIGNATURE | 16b. LICENSE NO. | 16a. DATE (Mo., Day, Yr.) |
|---|---|---|---|
| □ Burial  □ Donation | Dusty Stark | 1346 | April 4, 2007 |
| ☒ Cremation □ Entombment | 16c. CEMETERY/CREMATORY OR OTHER LOCATION | CITY / TOWN | STATE |
| □ Removal □ Other (Specify) | Auburn Hills Crematory | Omaha | Nebraska |
| | | | 17a. ZIP |

### CAUSE OF DEATH (See instructions and examples)

PART I. Enter the chain of events— diseases, injuries, or complications—that directly caused the death. DO NOT enter terminal events such as cardiac arrest, respiratory arrest, or ventricular fibrillation without showing the etiology. DO NOT ABBREVIATE. Enter only one cause on a line. Add additional lines if necessary.

| IMMEDIATE CAUSE | Mixed Drug Toxicity Due To Fluoxetine And Methadone | | onset to death |
|---|---|---|---|

| | DUE TO (OR AS A CONSEQUENCE OF): | | onset to death |

| | DUE TO (OR AS A CONSEQUENCE OF): | | onset to death |

| | DUE TO (OR AS A CONSEQUENCE OF): | | onset to death |

16. PART II. OTHER SIGNIFICANT CONDITIONS-Conditions contributing to the death but not resulting in the underlying cause given in PART I.

| | 18. WAS MEDICAL EXAMINER OR CORONER CONTACTED? ☒ YES □ NO |
|---|---|

| 20. IF FEMALE | 21a. MANNER OF DEATH | 21b. IF TRANSPORTATION INJURY, SPECIFY |
|---|---|---|
| □ Not pregnant at time of death □ Pregnant at time of death □ Not pregnant, but pregnant within 42 days of death □ Not pregnant, but pregnant 43 days to 1 year before death □ Unknown if pregnant within the past year | □ Natural □ Homicide □ Accident □ Pending Investigation □ Suicide ☒ Could not be determined | □ Driver/operator □ Passenger □ Pedestrian □ Other (Specify) |

| 22a. DATE OF INJURY (Mo., Day, Yr.) | 22b. TIME OF INJURY | 22c. PLACE OF INJURY-At home, farm, street, factory, office building, construction site, etc. (Specify) |
|---|---|---|
| March 28, 2007 | Unknown | Residence |

| 23. INJURY AT WORK? □ YES ☒ NO | 22d. DESCRIBE HOW INJURY OCCURRED Ingested medication(s) (fluoxetine and methadone) |

| 25a. DATE SIGNED (Mo., Day, Yr.) | 25b. TIME OF DEATH |
|---|---|
| April 20, 2007 | Unknown |

| 26a. PRONOUNCED DEAD (Mo., Day, Yr.) March 28, 2007 | 26b. TIME PRONOUNCED DEAD Found 03:00 PM |
|---|---|

Jerry W. Jones, MD, Douglas/Pottawattamie

| 30. DATE FILED BY REGISTRAR (Mo., Day, Yr.) |
|---|
| April 24, 2007 |



**DEPARTMENT OF VETERANS AFFAIRS**
**OFFICE OF REGIONAL COUNSEL**
**1 JEFFERSON BARRACKS DRIVE, BLDG. NO. 25**
**ST. LOUIS, MISSOURI 63125-4185**
**Telephone (314) 845-5050**
**Telefacsimile (314) 845-5057**



## CERTIFIED MAIL / RETURN RECEIPT REQUESTED

October 15, 2008

In Reply Refer To: GCL-657S-54369

Christine Good
13318 Woolworth Avenue
Omaha, Nebraska 68144

SUBJ: Administrative Tort Claim.
Claimant: Christine M. Good
Veteran: Daniel M. Coggins

Dear Ms. Good,

We have completed our investigation of the Administrative Tort Claim received in this office on March 22, 2007, filed on behalf of Daniel M. Coggins, wherein you claim that the Department of Veterans Affairs (VA) negligently failed to treat Mr. Coggin's ankle requiring amputation and also inappropriately administered medication causing Mr. Coggin's unfortunate demise.

This office has exhaustively reviewed the treatment and services provided by the Omaha VAMC providers. The finished investigation included interviews with medical personnel involved in Mr. Coggins' care at the Omaha VAMC. The investigation revealed no evidence to demonstrate that Mr. Coggins' VA medical care was negligently undertaken. Consequently, the above tort claim is denied. Additionally, we requested documentation authenticating your representational capacity to file this claim on behalf of Mr. Coggins. Our office never received this verification. Therefore this claim is also denied based upon the inability to establish representational capacity.

If you are dissatisfied with this decision, you may file a request for reconsideration of this claim with the VA General Counsel by any of the following means: (1) mail the request to the Department of Veterans Affairs, General Counsel (021B), 810 Vermont Avenue, N.W., Washington, DC 20420; (2) file the request by data facsimile (fax) to (202) 273-6385; or (3) e-mail the request to OGC.torts@mail.va.gov. To be timely filed, this request must be received by the VA prior to the expiration of six (6) months from the date of the mailing of this final decision. Upon filing such a request for reconsideration, the Department of Veterans Affairs shall have six (6) months from the date of that filing in which to make final disposition of the claim, and the option to file suit in an appropriate United States District Court under Title 28, United States Code, Section 2675(a) shall not accrue until six (6) months after the filing of such request for reconsideration (Title 28, Code of Federal Regulations, Section 14.9)



**EXHIBIT**

3

Page 2

**Administrative Tort Claim**
**Daniel Coggins, Deceased Veteran**
**Christine M. Good, Claimant**
**GCL-657S-5439**

In the alternative, if you are dissatisfied with the action taken on this claim, you may file suit in accordance with the Federal Tort Claims Act, Title 28, United States Code, Sections 1346(b) and 2671-2680, which provide that a tort claim that is administratively denied may be presented to a Federal District Court for judicial consideration. Such a suit must be initiated within six (6) months after the date of the mailing of this notice of final denial as shown by the date of this letter (Title 28, United States Code, Section 2401 (b)). If you do initiate such a suit, you are further advised that the proper party defendant is the United States, not the VA.

Sincerely,

J. PATRICK WIESE
Regional Counsel

2

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Prepare in ink or typewriter. Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. | OM and B Approval No. 80-R111 |
|---|---|---|

| 1. SUBMIT TO:<br>Dept. of Veterans Affairs<br>Medical Center<br>4101 Woolworth Avenue<br>Omaha, NE 68105 | 2. NAME AND ADDRESS OF CLAIMANT (Number, city, State, and Zip Code) Christine M. Good-Coggins, Surviving Spouse & Personal Representative of Estate of Daniel M. Coggins 13318 Woolworth Ave., Omaha, NE 68144 |
|---|---|

| 3. TYPE OF EMPLOYMENT | 4. AGE | 5. MARITAL STATUS | 6. NAME AND ADDRESS OF SPOUSE, IF ANY (Number, street, city, State, and Zip Code) Christine M. Good-Coggins 13318 Woolworth Ave. Omaha, NE 68144 |
|---|---|---|---|
| ☒ MILITARY<br>☐ CIVILIAN | 42 | M | |

| 7. PLACE OF ACCIDENT (Give city or town and State; if outside city limits, indicate mileage or distance to nearest city or town) Dept. of Veterans Affairs Medical Center 4101 Woolworth Ave. Omaha, Douglas County, NE 68105 | 8. DATE AND DAY OF ACCIDENT 3/27/07 – 3/29/07 | 9. TIME (A.M OR P.M) 3/27/07 AM 3/29/07 AM |
|---|---|---|

10. 

| AMOUNT OF CLAIM (in dollars) | | | |
|---|---|---|---|
| A. PROPERTY DAMAGE | B. PERSONAL INJURY | C. WRONGFUL DEATH | D. TOTAL |
| | | $1,750,000.00 | $1,750,000.00 |

11. DESCRIPTION OF ACCIDENT (State below, in detail, all known facts and circumstances attending the damage, injury, or death, identifying persons and property involved and the cause thereof)

See Attached

12.                                                    PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE KIND AND LOCATION OF PROPERTY AND NATURE AND EXTENT OF DAMAGE (See instructions on reverse side for method of substantiating claim)

13.                                                    PERSONAL INJURY

STATE NATURE AND EXTENT OF INJURY WHICH FORMS THE BASIS OF THIS CLAIM

14.                                                    WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| | |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 15. SIGNATURE OF CLAIMANT (This signature should be used in all future correspondence) Christine M. Good-Coggins | 16. DATE OF CLAIM 3/20/09 |
|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See R.S. §3490, 5438; 31 U.S.C. 231.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 62 Stat. 698, 749; 18 U.S.C. 287, 1001.) |

GENERAL SERVICES ADMINISTRATION–FPMR 101–11.8
95–105

EXHIBIT
4

STANDARD FORM 95
REVISED FEBRUARY 1971
GSA FPMR 101–11.8

## INSTRUCTIONS

### Complete all items—Insert the word NONE where applicable

Claims for damage to or for loss or destruction of property, or for personal injury, must be signed by the owner of the property damaged or lost or the injured person. If, by reason of death, other disability or for reasons deemed satisfactory by the Government, the foregoing requirement cannot be fulfilled, the claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing authority to act.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 10 of this form. Separate claims for personal injury and property damage are not acceptable.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically reparable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

Any further instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side.

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

17. DO YOU CARRY ACCIDENT INSURANCE? ☐ YES, IF YES, GIVE NAME AND ADDRESS OF INSURANCE COMPANY (*Number, street, city, State, and Zip Code*) AND POLICY NUMBER. ☐ NO

Not Applicable

| 18. HAVE YOU FILED CLAIM ON YOUR INSURANCE CARRIER IN THIS INSTANCE, AND IF SO, IS IT FULL COVERAGE OR DEDUCTIBLE? | 19. IF DEDUCTIBLE, STATE AMOUNT |
|---|---|
| Not Applicable | Not Applicable |

20. IF CLAIM HAS BEEN FILED WITH YOUR CARRIER, WHAT ACTION HAS YOUR INSURER TAKEN OR PROPOSES TO TAKE WITH REFERENCE TO YOUR CLAIM? (*It is necessary that you ascertain these facts*)

Not Applicable

21. DO YOU CARRY PUBLIC LIABILITY AND PROPERTY DAMAGE INSURANCE? ☐ YES, IF YES, GIVE NAME AND ADDRESS OF INSURANCE CARRIER (*Number, street, city, State, and Zip Code*) ☐ NO

Not Applicable

11.    Description of Accident:

On March 27, 2007, Daniel M. Coggins was seen by medical personnel employed by the Department of Veterans Affairs Medical Center located at 4101 Woolworth Avenue, Omaha, Douglas County, Nebraska to re-establish care with the Department of Veterans Affairs Medical Center. On that date, he was prescribed medications. On the morning of March 29, 2007, Daniel M. Coggins was found unresponsive in his home. The cause of death was attributed to mixed drug toxicity. The death of Daniel M. Coggins, was preventable if, in fact, Daniel M. Coggins would have been properly evaluated and cared for while seen as a patient at the Department of Veterans Affairs Medical Center on March 27, 2007. Employees and medical personnel of the Department of Veterans Affairs Medical Center were negligent in failing to properly evaluate Daniel M. Coggins; in failing to properly prescribe the correct medication to Daniel M. Coggins; and/or in failing to provide proper written instructions on the proper dose of medications.

As a result of the negligence of the employees and medical personnel at the Department of Veterans Affairs Medical Center, Daniel M. Coggins took the recommended dosage of medications as prescribed on March 27, 2007, and he passed away on March 29, 2007.



**DEPARTMENT OF VETERANS AFFAIRS**
OFFICE OF REGIONAL COUNSEL
1 JEFFERSON BARRACKS DRIVE
SAINT LOUIS, MISSOURI  63125
TELEPHONE:  (314) 845-5050
FACSIMILE:  (314) 845-5057

March 30, 2009

In Reply Refer To:  GCL-657S-54369

Andrew D. Sibbernsen
Law Offices of Sibbernsen & Strigenz, P.C.
Westroads Office Park
1111 N. 102nd Court, Suite 330
Omaha, Nebraska  68114

SUBJ: Administrative Tort Claim
       Claimant:  Christine M. Good-Coggins
       Veteran:  Daniel M. Coggins, deceased

Dear Mr. Sibbernsen:

This office is in receipt of your correspondence dated March 20, 2009, and Standard
Form 95 (SF95), Claim for Damage, Injury or Death, also dated March 20, 2009, that you
have submitted on behalf of your client, Christine M. Good-Coggins, for the alleged
wrongful death of Daniel Coggins in the total amount of $1,750,000.00.

This letter is to inform you that a prior administrative tort claim was filed with the
Department of Veterans Affairs by Christine M. Good-Coggins on behalf of Daniel
Coggins for alleged personal injury on March 22, 2007. Subsequently, on July 19, 2007,
Ms. Good-Coggins filed an amended claim with this office to include wrongful death of
Mr. Coggins. Both claims were investigated by this office and upon finding no evidence
of negligent actions by the Department, a denial of the administrative tort claim was
issued on October 15, 2008. The appeal rights were explained to the claimant in the
denial letter and she was informed that she had six months from the date of denial to file a
request for reconsideration or file suit (a copy of this denial is enclosed for your
reference). As this matter has previously been investigated at the administrative level, we
will not be opening a new case or investigating this matter any further.

Sincerely,

J/ PATRICK WIESE
Regional Counsel

Enclosure